UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14-CV-00159-TBR-LLK

JEREMY WILLIAMS                                                                                            PETITIONER

v.

RANDY WHITE, Warden                                                                                   RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed a pro-se petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus. Docket Number 1. This matter is before the Court on Respondent's response to the petition and motion to dismiss (DN 15), to which Petitioner has replied (DN 21). The Court referred this matter to the undersigned Magistrate Judge for rulings on all non-dispositive motions and findings of fact and recommendation on any dispositive matter. DN 6. This matter is ripe for determination.

Because Petitioner fails to establish that he is being held in state custody in violation of the Constitution or laws or treaties of the United States, the Magistrate Judge RECOMMENDS that Respondent's motion to dismiss (DN 15) be GRANTED and that the petition pursuant to 28 U.S.C. § 2241 (DN 1) be DISMISSED with prejudice.[1]

### Background facts and procedural history

In 2005, Petitioner was convicted in the Hardin Circuit Court of first-degree sexual abuse in violation of Kentucky Revised Statutes (KRS) 510.110 and being a second-degree persistent felony offender. He was sentenced to five years in prison, to run consecutively to another sentence, for a total sentence of ten years.

The Kentucky Court of Appeals affirmed the convictions upon direct appeal, and affirmed the trial court's denial of Petitioner's motion for post-conviction relief pursuant to Kentucky Rules of

---

[1] The Court shall deny by separate order Petitioner's motion to compel (DN 12), motion to dismiss Respondent's answer and response (DN 17), motion for an evidentiary hearing (DN 19), and motion to appoint counsel (DN 20).

Criminal Procedure (RCr) 11.42. *Williams v. Commonwealth*, 233 S.W.3d 206 (2007) and 2010 WL 199430.

Petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging his convictions. The Court denied the petition, and the Sixth Circuit dismissed the appeal as untimely. *Williams v. Taylor*, 2011 WL 1755377, No. 3:10-CV-00641-R, DN 19, 25, and 29.

KRS 532.043 provides for post-incarceration supervision of certain felony sex offenders. Even if the entire sentence has been served, release is premised upon and subject to terms and conditions of Sex Offender Conditional Discharge (SOCD).

Petitioner served out his sexual abuse sentence in February, 2012, and, upon release, signed a statement acknowledging that he would be serving a mandatory three-year period of SOCD. DN 15-2 and 15-3.

In February, 2013, Petitioner violated the terms and conditions of his release and was returned to state custody.

In October, 2013, Petitioner filed a motion in the Oldham Circuit Court for a writ of habeas corpus claiming that he was being "detained without lawful authority" as contemplated by KRS 419.020 because the trial court's judgment of conviction entered in 2005 was "defective" in that it contained no reference to SOCD as part of his sentence. DN 15-4.

The trial court denied the motion, and the Kentucky Court of Appeals affirmed, holding that Petitioner "cannot demonstrate that he is entitled to a writ of habeas corpus because he is lawfully serving a period of [SOCD] as required by Kentucky law." DN 15-1, p. 2. The omission of any reference to KRS 532.043 or its requirements in the judgment of conviction did not render the "trial court's written judgment [] erroneous [because Petitioner] automatically became subject to the period of conditional

discharge as a matter of [state] law [i.e., KRS 532.043] upon conviction [of the underlying sexual abuse offense]." *Id.* at 4.[2]

Petitioner then filed the present petition under 28 U.S.C. § 2241 for a writ of habeas corpus. DN 1.[3]

### Petitioner's Claims

A state prisoner bringing a federal habeas corpus challenge must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) and 2254(a).

The petition presents four claims. The first two allege violations of constitutional dimension -- Due Process and Double Jeopardy -- and were fairly presented to the state courts. Compare § 2241 petition at DN 1, pp. 3-4 and Petitioner's brief to the Kentucky Court of Appeals at DN 15-4, pp. 2-6.[4]

Petitioner's third claim is that the "Sentencing Court erred by failing to incorporate three (3) year conditional discharge as part of the final order imposing sentence." DN 1, p. 5. The Kentucky Court of Appeals held that "the trial court's written judgment is not erroneous" because Petitioner automatically became subject to the period of conditional discharge as a matter of state law upon

---

[2] In affirming denial of Petitioner's state habeas corpus petition, the Kentucky Court of Appeals relied on *Jones v. Commonwealth*, 200 S.W.3d 495 (2006).

[3] While a federal prisoner may collaterally attack the lawfulness of his sentence under § 2255 and the execution of his sentence under § 2241, for state prisoners, § 2254 is the proper vehicle for both types of collateral challenges. *Allen v. White*, 185 Fed.Appx. 487, 2006 WL 1716712 (6th Cir.). "[I]ndeed, there exists some question whether state prisoners may **ever** *(emphasis original)* proceed under § 2241." *Id.* However, the Sixth Circuit "has allowed state prisoners to proceed under § 2241, but subject to the restrictions imposed by § 2254." *Id.* The Court will allow the present petition to proceed but subject to the limitations of § 2254.

[4] Respondent contends that Petitioner's constitutional claims are unexhausted. DN 15, p. 3. While it may be the case that Petitioner has pending matters in state court raising constitutional matters (e.g., an administrative appeal before the Kentucky Parole Board or a declaratory judgment or mandamus action in state court challenging a final administrative decision), exhaustion requires only that Petitioner's constitutional claim be fairly presented (one time) to the state court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner's brief to the Kentucky Court of Appeals appears to have satisfied this requirement. Alternatively, judicial economy counsels in favor of denial of the petition on the merits pursuant to 28 U.S.C. § 2254(b)(2), notwithstanding failure to exhaust state-court remedies. Establishing a failure to exhaust in this case would require expansion of the record and further analysis of peripheral matters that would likely be more complicated than a consideration of the underlying merits. In addition, a dismissal for failure to exhaust would be without prejudice, subject to Petitioner's right to return to this Court upon exhaustion of state-court remedies.

conviction of the underlying sexual-abuse offense. DN 15-1, p. 4. This Court lacks jurisdiction to second guess the state court's interpretation of state law.

Petitioner's fourth and final claim is an attempt to rehash the same issues this Court previously rejected in dismissing Petitioner's prior habeas corpus petition, including allegations of "defective indictment, trial counsel's gross misadvice [and] ineffective assistance of counsel." Compare § 2241 petition at DN 1, p. 6 and report and recommendation regarding § 2254 petition at 2011 WL 1755377, No. 3:10-CV-00641-R, DN 19. Petitioner's fourth claim is barred by the doctrine of res judicata.

**Petitioner's Due Process claim is without merit.**

To understand Petitioner's Due Process claim, it is helpful first to clarify what Petitioner is not alleging: Petitioner does not challenge the constitutionality of Kentucky's statutory scheme that subjected him to post-incarceration supervision. Nor does he allege that he was actually unaware of the terms and conditions of his SOCD; that he did not knowingly subject himself to those terms for a period of time; or that he did not, in fact, violate the terms.

The claim apparently is that the trial court's omission of any reference in its judgment of conviction to the terms and conditions of SOCD / post-conviction release results in a sort of technical-constitutional defect in the judgment such that those terms and conditions cannot be imposed upon release and are rendered a constitutional nullity. Thus, according to the argument, Petitioner's present incarceration for violating the terms of his supervision is in violation of Due Process.

The Kentucky Court of Appeals held that Petitioner "automatically became subject to the period of conditional discharge as a matter of [state] law [i.e., KRS 532.043] upon conviction" (DN 15-1, p. 4), independently of the judgment of conviction. This Court is bound by the state court's interpretation of state law.

While the parties do not cite, and this Court cannot find, any Sixth Circuit case addressing the issues raised in this petition, the Ninth Circuit evaluated similar claims regarding a California statute

4

similar to the Kentucky statute at issue in this case in *Maciel v. Cate*, 731 F.3d 928 (9th Cir.2013). Like Petitioner's, Maciel's judgment of conviction contained no term imposing post-conviction supervised release due to his status as a sex offender. At the time of his release, the state informed Maciel that he would be subject to three years of post-incarceration supervision. He was re-imprisoned for violation of the terms of supervision. The state court denied relief, finding that supervision was statutorily mandated.

A writ of habeas corpus will not be granted with respect to any claim adjudicated in state court unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d).

*Maciel* determined that *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936) was the closest applicable Supreme Court authority and that the state court's adjudication of Maciel's claim was not contrary to *Wampler*.[5]

Wampler was convicted of income tax fraud and sentenced to 18 months imprisonment. Although the judgment of conviction contained no such term, the clerk of court inserted -- with the trial judge's approval -- a condition in the commitment order to the effect that Wampler would remain in prison until he paid the fine or was discharged by due process of law.

Justice Cardozo, writing for a unanimous Supreme Court, held that the term inserted by the clerk of court was constitutionally void as a matter of law and that Wampler was entitled to habeas relief.

*Maciel* held that *Wampler* was distinguishable because *Wampler* expressly applied only to discretionary sentencing terms as opposed to statutorily-mandated requirements, e.g., sex-offender registration and post-incarceration supervision. Laws duly enacted by the legislature mandating a

---

[5] Petitioner cited *Wampler* in his brief to the Kentucky Court of Appeals and in his reply brief before this Court. DN 15-4, p. 5 and DN 21, p. 2. The state court's written opinion did not mention *Wampler*. DN 15-1.

particular punishment or consequence of conviction contain the procedural safeguards that concerned Justice Cardozo:

> The court speaks through its judgment, and not through any other medium. It is not within the power of a judge by instructions to a clerk to make some other medium the authentic organ of his will. We are told that the instructions may be likened to a rule of court. They were not published; they were not reduced to writing; they are lacking in the formal safeguards that protect against mistake and perhaps against oppression.
> 
> *Maciel* at 935 quoting *Wampler* at 465.

The Court is satisfied that the state court's determination that conditions of supervised release may be imposed by operation of state law independently of the language of the judgment of conviction did not run afoul of Due Process as embodied in Supreme Court precedent.

### Petitioner's Double Jeopardy claim is without merit.

Nor did the state court's determination violate Double Jeopardy.

The Double Jeopardy Clause of the Fifth Amendment prohibits "multiple criminal punishments for the same offense." *Hudson v. United States*, 522 U.S. 93, 99 (1997). Double Jeopardy generally does not forbid adoption of civil, regulatory measures. See *Smith v. Doe*, 538 U.S. 84 (2003) (finding Alaska's sex-offender registration statute not punitive but civil in nature).

Petitioner has pointed to no authority for the proposition that either the intent or effect of post-incarceration supervision pursuant to KRS 532.043 is primarily punitive as opposed to civil, and the Court is unaware of any. Therefore, Petitioner has failed to establish a Double Jeopardy violation.[6]

### Certificate of Appealability

A certificate of appealability pursuant to 28 U.S.C. § 2254(c) should not issue because reasonable jurists would not debate whether the petition states a valid claim of denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[6] In *Polley v. Commonwealth*, 2005 WL 736637, the Kentucky Court of Appeals held that KRS 532.043 does not result in multiple punishment but "merely adjudicates the status and punishment of [certain sex offenders], similar to persistent felony offender proceedings or enhancement of the penalty for a controlled substance violation when a firearm is used."

**RECOMMENDATION**

Because Petitioner fails to establish that he is being held in state custody in violation of the Constitution or laws or treaties of the United States, the Magistrate Judge RECOMMENDS that Respondent's motion to dismiss (DN 15) be GRANTED; that the petition pursuant to 28 U.S.C. § 2241 (DN 1) be DISMISSED with prejudice; and that a certificate of appealability be DENIED.

**NOTICE**

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.1984).