UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL NO. 5:14-CV-159-GNS-LKK

JEREMY WILLIAMS                                                                            PETITIONER

v.

RANDY WHITE, WARDEN                                                                 RESPONDENT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Respondent's Motion to Dismiss (DN 15), Magistrate Judge King's Report and Recommendation (DN 24) as to Petitioner Jeremy Williams's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (DN 1), and Petitioner's Objection to the Report and Recommendation (DN 29). For the following reasons, the Court: **GRANTS** the Motion to Dismiss, **ADOPTS** Magistrate Judge King's Report and Recommendation (DN 24) and **DENIES** Petitioner's Petition for habeas relief (DN 1).

### I. BACKGROUND

In 2005, the Hardin County Circuit Court adjudged Petitioner guilty of first-degree sexual abuse (a violation of KRS 510.110) and of being a second-degree persistent felony offender. (DN 24 at 1). He was sentenced to five years of incarceration to run consecutively with a separate term of incarceration of five years. (DN 24 at 1). Petitioner unsuccessfully appealed his conviction to the Kentucky Court of Appeals and filed motions for post-conviction relief in the state courts and in this District, culminating in a denial of post-conviction relief by the Sixth Circuit. (DN 24 at 1-2).

Following his release, Petitioner signed a statement acknowledging that he was being placed on three years' conditional release pursuant to KRS 532.043. (DN 24 at 2). He then violated the terms of that release and was re-incarcerated. (DN 24 at 2). Petitioner again filed writs of habeas corpus, first in state court (which was ultimately denied by the Kentucky Court of Appeals), and now in this District. (DN 24 at 2). On December 10, 2014, Magistrate Judge King issued a Report and Recommendation recommending dismissal of Petitioner's petition. (DN 24). On December 24, 2014, Petitioner filed his objections. (DN 29). Petitioner's petition is thus ripe for review.

## II. JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254.

## III. STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act, Pub L. No. 104–132, 110 Stat. 1214 (1996), ("AEDPA") applies to all habeas corpus petitions filed after April 24, 1996, and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Section 2254(d), as amended by AEDPA, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This is a "difficult to meet . . . and highly deferential standard . . . ." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011) (internal quotation marks omitted). All findings of fact by the state court are presumed to be correct and can be rebutted only by "clear and convincing evidence." *Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003); 28 U.S.C. § 2254(e)(1). Legal conclusions made by state courts are also given substantial deference under AEDPA. The Supreme Court has recently reiterated that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (per curiam) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)) (internal quotation omitted).

## IV. **DISCUSSION**

Petitioner's objections in large part are reiterations of the claims in his petition, *i.e.*, claims of due process violations and double jeopardy. *Compare* (DN 1), *with* (DN 29). There are, however, additional objections: (i) that Magistrate Judge King improperly determined that Petitioner had not exhausted his state court remedies; and (ii) a claimed *ex post facto* violation. (DN 29 at 7-8).

### A.   **Due Process**

Petitioner does not attack KRS 532.043 directly in his due process claim; he instead attacks the fact that the written judgement does not include the three year term of conditional release. (DN 1 at 3-4; DN 29 at 2-3). Petitioner spends a fair portion of his objections discussing *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936), and *Earley v. Murray*, 451 F.3d 71

3

(2d Cir. 2006). (DN 29). Petitioner cites to *Wampler* and *Earley* to support his claim that the term of conditional release imposed pursuant to KRS 532.043, which was not mentioned in the criminal judgment, violates due process. In *Wampler*, the court clerk—with the trial judge's permission—added a condition to Wampler's sentence that he would remain in jail until he paid the fine imposed or was discharged by due process of law. *Wampler*, 298 U.S. at 761. The U.S. Supreme Court held that imprisonment could not be extended beyond the terms of the criminal judgment.

By contrast, the additional term of conditional discharge in this case operated as a matter of law—*i.e.*, the term of conditional discharge is imposed as a matter of law upon defendants who are found guilty of certain sex offenses regardless of whether the term of conditional discharge is expressly stated in the judgment or not. *Jones v. Commonwealth*, 200 S.W.3d 495, 497 (Ky. App. 2006). This was not a term that the trial court added as a discretionary matter as the court clerk did in *Wampler*, though it is uncontested that the criminal judgment herein made no mention of KRS 532.043 or any post-incarceration conditions.

Petitioner also relies on *Earley* for the proposition that a subsequent addition to a sentence that is not imposed by the sentencing judge is unlawful. (DN 29 at 3-4). In *Earley*, the defendant served four years of his six-year sentence and was then subjected to a five-year post-release supervision period as required under state law. *Id.* The Second Circuit held that because the original sentencing judge did not include a term of supervised release in the sentence, the administratively-added five-year supervised release term was contrary to clearly established federal law since it increased his sentence by three years. *Id.* at 75-76. The Second Circuit relied expressly on *Wampler* to reach its decision in *Earley*. Thus, the Second Circuit has held that

4

clearly established federal law renders an administratively-added sentence invalid, which certainly supports Petitioner's due process claim.

The Ninth Circuit also expressly relied on *Wampler*, and considered *Earley*, to reach the opposite conclusion in *Maciel v. Cate*, 731 F.3d 928, 932-33 (9th Cir. 2013). In *Maciel*, the defendant served some 22 years in prison and was then required to register as a sex offender under state law, which he challenged because the registration was not part of his original sentence. *Id.* at 931. The Ninth Circuit held that the California courts (who did not grant Maciel habeas relief) "reasonably could have concluded that *Wampler*'s reach was limited to claims involving actual custody." *Id.* at 934. It also found that the Second Circuit's conclusion in *Earley* begged the question: "If, in light of the underlying statutory scheme, the court's judgment of conviction and sentence of imprisonment *require* that the defendant be subjected to additional punishment after release, an administrator arguably has not amended the judgment in any sense by carrying out that punishment." *Id.* (emphasis in original). Finally, the Ninth Circuit found that it "would have been reasonable to distinguish *Wampler* on the ground that it involved *punishment* and not simply burdensome regulation." *Id.* (emphasis in original).

The Kentucky state courts and Petitioner have unearthed a circuit split on which the Sixth Circuit has not spoken: whether the administrative addition of statutorily-mandated post-incarceration supervision offends the Due Process Clause of the Fourteenth Amendment when the original criminal judgment made no mention of post-incarceration conditions.[1] In light of

---

[1] The Kentucky Court of Appeals held that Petitioner "automatically became subject to the period of conditional discharge as a matter of [state] law [i.e., KRS 532.043] upon conviction" independent of the judgment of conviction. (DN 15-1 at 4). This appears to be at odds with the U.S. Supreme Court's declaration in *Wampler* that "[t]he only sentence known to the law is the sentence or judgment entered upon the records of the court." *Wampler*, 298 U.S. at 464 (citations omitted). Conversely, Kentucky courts have ruled that the trial court is **without authority** to list

5

*Earley* and *Maciel*'s differing interpretations of *Wampler* and the lack of binding precedent from the Sixth Circuit resolving the issue, the Court will issue a certificate of appealability as to Petitioner's Due Process claim.

### B. Double Jeopardy

Petitioner also relies on *Wampler*, *Earley*, and related case law to object to Magistrate Judge King's recommendation that Petitioner's double jeopardy claim be dismissed. (DN 29 at 5-6). As discussed above, however, these cases address due process pursuant to the Fourteenth Amendment, not double jeopardy.

"The Double Jeopardy Clause protects against 'multiple punishments for the same offense . . . .'" *Jackson v. Smith*, 745 F.3d 206, 211 (6th Cir. 2014) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). Under Kentucky law, conditional discharge is a form of supervised release. *See Belk v. Commonwealth*, No. 2012-CA-000325-MR, 2013 WL 1868020, at *2 (Ky. App. May 3, 2013); *Wilfong v. Commonwealth*, 175 S.W3d 84, 94-95 (Ky. App. 2004). As the Sixth Circuit has noted, "revocation of supervised release is a deferred punishment for the previously imposed offense and thus does not run afoul of double jeopardy . . . ." *United States v. Lawson*, 106 F.3d 402, 1997 WL 34682, at *2 (6th Cir. 1997) (table). Accordingly, the revocation of Petitioner's conditional discharge resulting in his re-incarceration does not violate the Double Jeopardy Clause, and his claim fails.[2]

---

in the judgment "the conditions which could be imposed upon conditional discharge." *Chames v. Commonwealth*, 405 S.W.3d 519, 526 (Ky. App. 2012).

[2] As part of the protection against double jeopardy, courts have recognized reasonable expectations of a defendant. *United States v. Pettus*, 303 F.3d 480, 488 (2d Cir. 2002) (citing *United States v. DiFrancesco*, 449 U.S. 117, 138-39 (1980)). As one court has noted, "[s]o long as the legislature speaks directly so that criminal defendants are put on notice of the potential sentences they could receive, those expectations are not violated." *Id.* (citing *DiFrancesco*, 449 U.S. at 138-39). To the extent that Petitioner's argument is that the imposition of supervised release constituted an additional "punishment" and exceeded his reasonable expectations of

### C. Additional Claims

Petitioner mistakenly asserts that Magistrate Judge King stated that Petitioner's claims in state court had not been exhausted. (DN 29 at 7). Magistrate Judge King noted that Petitioner's claims *are* exhausted, and cited judicial economy in the alternative as a reason to address Petitioner's claims on the merits. (DN 24 at 3 n.4).

Petitioner also alleged, for the first time, an *ex post facto* violation. (DN 29 at 8). Absent compelling reasons, arguments raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Therefore, Petitioner's *ex post facto* claim is denied.

### V. CONCLUSION

For the reasons listed above, the Court **GRANTS** Respondent's Motion to Dismiss (DN 15), **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of Magistrate Judge King (DN 24), and **DISMISSES** Petitioner's petition for habeas relief (DN 1). This is a final and appealable order. With regard to any appeal, a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) **WILL ISSUE** as to Petitioner's Due Process and Double Jeopardy claims.

Greg N. Stivers, Judge
United States District Court
March 23, 2015

cc:   counsel of record
      Petitioner, *pro se*

---

punishment in violation of the double jeopardy prohibition of the Fifth Amendment, this Court will also certify this issue.